# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **CRIMINAL NO.** |
| | ) | **02-40004-NMG** |
| **REX VERNAL GEOVANEY DUNBAR** | ) | |

## REPORT AND RECOMMENDATION
### March 11, 2011

**HILLMAN, M.J.**

### Nature of the Proceeding

By Order of Reference dated May 24, 2010, Defendant's Motion Under 28 U.S.C. §2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody(Docket No. 174), has been referred to me for Findings and Recommendations pursuant to 28 U.S.C. § 636(b)(1)(B).

### Background

On November 21, 2006, Rex Vernal Geovaney Dunbar ("Dunbar" or "Petitioner") was convicted, after a jury trial, of Conspiracy to Distribute, and to Possess with Intent to Distribute Marijuana and Cocaine/Cocaine Base (Count One);Conspiracy to Import Cocaine/Cocaine Base

(Count Two); Distribution of Cocaine Base (Count Three); Use of a Minor to Distribute Controlled Substances and to Import Cocaine/Cocaine Base (Count Four); Use and Carrying a Firearm During and in Relation to a Drug Trafficking Crime (Count Five); Illegal Re-entry of a Deported Alien (Count Six); and Illegal Alien in Possession of a Firearm (Count Seven). Dunbar was sentenced to 360 months on Counts One-Four, a term of 240 months on Count Six and a term of 120 months on Count 7, to be served concurrently. He was sentenced to a term of 60 months on Count 5, to be served consecutively to the terms imposed on Counts One-Four.

Dunbar has filed a motion under 28 U.S.C. §2255 (Docket No. 174)("Petition") in which he asserts his convictions for should be vacated and he should be granted a new trial on the following grounds:

> **Ground One:** Ineffective assistance of trial counsel because: (1) his trial counsel failed to ask the Court to instruct the jury that it must unanimously agree which criminal act alleged in Count Three served as the predicate drug rime for Count Five (using or carrying a firearm in relation to a drug crime); and (2) his trial counsel failed to challenge the validity of Count Five pursuant to Fed.R.Crim.P. 29 (Motion for Judgment of Acquittal) as the result of the Court's failure to so instruct the jury.
>
> **Ground Two**: Ineffective Assistance of Appellate counsel for failing to raise the ineffective assistance of trial counsel on direct appeal.
>
> **Ground Three**: The Court erred by imposing a consecutive five year sentence on Count Five when Counts One and Two subjected him to a greater mandatory/minimum term of imprisonment.

Dunbar requested that this Court essentially stay ruling on his Petition because the Supreme Court had granted writ of *certiorari* in two cases, *Abbott v United States*, — U.S. —, 130 S.Ct. 1284 (Jan. 25, 2010) and *Gould v. United States*, — U.S. —, 130 S.Ct. 1283 (Jan. 25, 2010), in order to resolve a Circuit split regarding the issues he raises in Ground Three of his Petition. Accordingly, the Court delayed ruling on the Petition. The Supreme Court consolidated the two

cases and recently issued its opinion, in *Abbott v. United States*, — U.S. — ,131 S.Ct. 18 (2010). Therefore, Petitioner's motion is "ripe" for disposition.

The Government has filed an opposition in which it contends that the Court appropriately instructed the jury and therefore, there was no basis for his counsel to object thereto or to challenge his conviction on Count Five. The Government further argues that the Court correctly imposed a consecutive sentence on Count Five, rather than a concurrent sentence.

### Facts

In March 2002, Dunbar, who was traveling with his wife, was stopped for a traffic offense in Oklahoma. Ultimately, Dunbar assented to a search of his vehicle and police discovered 17 or 18 pounds of marijuana and a 9mm semiautomatic pistol. Dunbarr was arrested. Thereafter, it was determined Dunbar had previously been deported and had not obtained permission to re-enter the United States. At trial, in addition to testimony about the aforementioned offenses, the Government offered testimony of various women concerning Dunbar's drug-trafficking activity. One of the women, Jamie Spaulding, testified to making two trips to California for Dunbar in order to transport Marijuana to New York City; Spaulding was under eighteen at the time. Spaulding also testified that she sold crack for Dunbar from multiple locations in Worcester, Massachusetts and that she traveled to Jamaica for Dunbar on two occasions (once with another female, Tina Cormier) and returned to the United States carrying what she believed to be drugs. Another woman, Sharon Cote, testified that she had made trips to Jamaica for Dunbar during which she transported packets of white powder to the United States. There was further testimony that other individuals, including his wife, also traveled to Jamaica for Dunbar and brought drugs back to the United States. *See generally United States v. Dunbar*, 553 F.3d 48, 52-55 (1st Cir. 2009).

The chargers against Dunbar included: (1) conspiracy to distribute and possess with intent to distribute controlled substances, (2)conspiracy to import controlled substances, (3) distribution of crack cocaine, (4) use of a minor to import and distribute controlled substances, (5) using and carrying a firearm during and in relation to a drug trafficking offense, (6) illegal re-entry of a previously deported alien, and (7) being an illegal alien in possession of a firearm. As to Count Five (use of and carrying a firearm during and in relation to a drug trafficking offense), the Court instructed the jury as follows:

> Count 5 charges the defendant with using or carrying a firearm in relation to the crime of distribution of cocaine base as alleged in Count 3. It is against federal law to possess a firearm in relation to the distribution of cocaine base. For you to find the defendant guilty of this crime, you must be satisfied that the government has proven beyond a reasonable doubt that: first, the defendant committed the crime of distribution of cocaine base described in Count 3; and second, the defendant knowingly used or carried a firearm during and in relation to the commission of that crime or the defendant knowingly possessed a firearm in the furtherance of that crime.

*Tr. Day Four of Jury Trial, Nov. 21, 2006*, at pp. 4-31- 4-32. The Court went on to further define each element of the offense. *Id.*, at pp. 4-32 - 4-34. As to Count Three, the Court instructed the jury that Dunbar could be found guilty if it found that he had distributed cocaine base, or had aided or abetted the distribution of cocaine base. *Id*., at pp. 4-28 - 4-29. Elsewhere, the Court instructed the jury that, the Government had the burden of proving that Dunbar was guilty beyond a reasonable doubt and that "what the government must do to meet its burden-- its heavy burden, is to establish the truth of each part of each offense charged by proof that convinces you and leaves you with no reasonable doubt ..." *Id.*, at pp. 4-19, 4-20.

Dunbar's counsel did not object to any aspect of the Court's instructions relating to Count Five. Dunbar's counsel did not file any post trial motions relating to Count Five and in

particular, did not file a motion for acquittal on this ground. Furthermore, this ground for relief was not raised in Dunbar's direct appeal.

At the sentencing, Dunbar was sentenced as described above, including the five year sentence on Count Five, to be served consecutive to the 360 month sentence on Counts One-Four. Dunbar did not object to the sentence imposed with respect to Count Five and no direct appeal was filed with respect thereto.

## **Discussion**

### *Whether Dunbar Received Ineffective Assistance of Counsel*

The Supreme Court has held that to determine whether a defendant received competent representation for purposes of the Sixth Amendment, the court must examine trial counsel's performance and determine whether counsel's deficient performance deprived the defendant of a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). " 'Under *Strickland,* [the Court] first determine[s] whether counsel's representation "fell below an objective standard of reasonableness" ... [The Court then determines] 'whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"'". *Parsley v. United States*, 604 F.3d 667, 671 (1st Cir. 2010)(citation to quoted case and internal citations omitted). "[The Court's] 'review of counsel's performance must be deferential, and reasonableness must be considered in the light of "prevailing professional norms"'". *Id.*, at 671-72 (citation to quoted case omitted).[1]

---

[1] Dunbar would also have to meet the *Strickland* standard to establish ineffective assistance of appellate counsel. That is, he would have to show that appellate counsel's performance was objectively unreasonable. However, "[a]s applied to appellate counsel, that standard is difficult to meet because, to be effective, 'appellate counsel ... need not (and should not) raise every nonfrivolous claim, but rather may select among them in order to maximize the likelihood of success on appeal.'". *Thompson v. Spencer*, 111 Fed.Appx. 11, 13 (1st Cir. 2004)(citation to quoted case omitted). "If a defendant succeeds in making that showing, he must still 'show a reasonable probability that, but

Dunbar argues that under Count Three, he was charged with both a distribution offense and aiding and abetting offense and that the Court's instructions failed to instruct the jury that it had to agree unanimously as to the predicate offense which he committed in relation to the firearm's offense, *that is*, that the jurors should have been instructed that they had to unanimously agree as to whether Dunbar used or carried a firearm in relation to the offense of distribution of crack cocaine, or whether he used or carried a firearm in relation to the offense of aiding and abetting the distribution of crack cocaine. In support of his claim, Dunbar cites *Richardson v. United States*, 526 U.S. 813, 119 S.Ct. 1707 (1999), in which the Supreme Court held that the jury must unanimously agree that the defendant is guilty of each predicate violations that constitute a continuing criminal enterprise for purposes of 21 U.S.C. §848.

Under Section 924(c), in order to find Dunbar guilty on Count Five, the jury had to find that he used or carried a gun during and in relation to a drug trafficking crime, or that he knowingly possessed a firearm in relation to that crime. The Court instructed the jury that the predicate offense was the distribution of cocaine base, as alleged in Count Three. That is, the jury was instructed that it could convict Dunbar only if it found that he carried, used or possessed a firearm in relation to a *single* predicate offense-- distribution of cocaine base. As to that single unlawful act, the jury could have convicted Dunbar either as a principal, or aider and abettor. Simply put, the Court properly instructed the jury that it had to find each element of each offense beyond a reasonable doubt, which would include the *sole* predicate offense, *i.e.*, distribution of cocaine base. Under the circumstances, there was no *Richardson* error and therefore, no basis for Dunbar's attorney to raise an objection and/or file a Rule 29 motion for

---

for his counsel's unreasonable failure to [raise a particular issue], he would have prevailed on his appeal.' " *Id.* (citation to quoted case omitted).

acquittal. Consequently, Dunbar has failed to satisfy the *Strickland's* first prong, that his counsel's performance fell below an objective standard of reasonableness. Since Dunbar has failed to satisfy the first *Strickland* prong, it is not necessary for me to address whether the second prong of *Strickland* has been met.

For the reasons set forth above, I find that Dunbar has failed to establish that his trial counsel's failure to object to the lack of a unanimity instruction with respect to Count Five constituted ineffective assistance of counsel. *A fortiori*, Dunbar cannot establish that appellate counsel rendered ineffective assistance of counsel on his direct appeal. Therefore, his first and second stated grounds for relief should be denied.

<u>*Whether the Court Improperly Imposed a Consecutive Sentence On Count Five*</u>

Dunbar asserts that based on a plain reading of Section 924(c)(1)(A), the Court erred when it imposed a consecutive sixty month term of imprisonment on Count Five. Section 924 provides, in relevant part, as follows:

> **(c)(1)(A)** Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any ... drug trafficking crime ... for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such ... drug trafficking crime —
>
> >  **(i)** be sentenced to a term of imprisonment of not less than five years:
> >
> > ....
> >
> > **(D)** Notwithstanding any other provision of law—
> >
> > ....
> >
> > **(ii)** no term of imprisonment imposed on a person under this subsection shall run concurrently with

> any other term of imprisonment imposed on the
> person, including any term of imprisonment
> imposed for the ... drug trafficking crime during
> which the firearm was used, carried or possessed.

*Id.*

Dunbar argues that because he was subjected to a mandatory minimum sentence of ten years, if not greater, with respect to the drug conspiracy offenses (Counts One and Two), his case falls under the exception provided in the first sentence of Section 924(c)(1)(A). As noted above, Dunbar asked that the Court refrain from ruling on this claim until the Supreme Court resolved a split among the Circuit Courts of Appeal that had addressed the issue. The Supreme Court recently issued its decision in *Abbott v. United States*, — U.S. —, 131 S.Ct. 18 (2010). Unfortunately for Dunbar, it resolved the issue against him. That is, the Supreme Court held that the "except" clause contained in Section 924(c)(1)(A) refers to greater minimum sentences otherwise provided by Section 924(c) itself, and not to a higher mandatory minimum sentence on a different count of conviction.[2] Therefore, Dunbar's third claim for relief should be denied.

## Conclusion

For the foregoing reasons, it is hereby Recommended that:

Defendant's Motion Under 28 U.S.C. §2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody(Docket No. 174) be ***denied.***

---

[2] The predicate offense for purposes of Dunbar's Section 924(c) conviction was Count Three, for which he received a 360 month sentence. Dunbar does not argue that any mandatory minimum sentence imposed on this Count triggered the Section 924(c)(1)(A) exception. In any event, given the Supreme Court's ruling in *Abbott*, any such argument would be unavailing.

## Notice to the Parties

The parties are advised that under the provisions of Rule 3(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court WITHIN 14 DAYS of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objection. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court's order entered pursuant to this Report and Recommendation. *See United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980). *See also, Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466 (1985).

/s/ Timothy S. HIllman
**TIMOTHY S. HILLMAN**
**UNITED STATES MAGISTRATE JUDGE**