United States District Court
District of Massachusetts

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Rex Vernal Geovany Dunbar,<br><br>Defendant. | Criminal Action No.<br>02-40004-NMG |

**MEMORANDUM & ORDER**

GORTON, J.

Pending before the Court is the motion of defendant Rex Vernal Geovany Dunbar ("Dunbar" or "defendant") for modification of sentence and compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). In light of the COVID-19 pandemic, Dunbar seeks to have this Court reduce his 270-month prison sentence to time served. He is incarcerated at the Donald W. Wyatt Detention Facility in Central Falls, Rhode Island ("Wyatt") and his current projected release date is August 17, 2021.

I. **Background**

Dunbar was convicted by a jury of 1) conspiracy with intent to distribute controlled substances: marijuana, cocaine and 50 grams or more of cocaine base, 21 U.S.C. §§ 846, 841(b)(1)(A); 2) conspiracy to import controlled substances, cocaine and 50

grams or more of cocaine base, 21 U.S.C. §§ 963, 960(b)(1)(C); 3) distribution of cocaine base, 21 U.S.C. § 841(a)(1); 4) use of a person under 18 years of age to distribute and import controlled substances, 21 U.S.C. § 861; 5) use and possession of a firearm during drug trafficking, 18 U.S.C § 924(c)(1); 6) illegal re-entry of a deported alien, 18 U.S.C. § 1326; and 7) illegal alien in possession of a firearm, 18 U.S.C. § 922(g)(5).

At the time Dunbar was sentenced, 18 U.S.C. § 841(b)(1)(A) and § 960(b)(1)(C) each carried a mandatory minimum sentence of 20 years. He was subject to an additional mandatory minimum of 5 years to be imposed consecutively pursuant to 18 U.S.C. § 24(c)(1). As a result, Dunbar was subject to a mandatory minimum sentence of 25 years.

The presentence report ("PSR") found defendant responsible for 12,815 kilograms of marijuana equivalent, which included 634.2 grams of cocaine base. The PSR calculated that defendant's total offense level ("TOL") was 41 and that he fell in criminal history category ("CHC") III. With the addition of the 5-year sentence pursuant to § 924(c)(1), defendant's effective guidelines range was 35 years to life. This Court adopted the calculations set forth in the PSR and sentenced defendant to 35 years of imprisonment.

In September, 2009, defendant moved to reduce his sentence pursuant to Amendment 706. The government did not oppose. The Court applied a two-level reduction resulting in a revised TOL of 39. After accounting for the § 924(c)(1) 5-year consecutive sentence, defendant's revised guidelines range was 384 to 465 months. The Court resentenced the defendant to 384 months (32 years).

The Court further reduced defendant's TOL to 35 in February, 2019, pursuant to Amendment 782 which resulted in an effective guideline range of 300 to 322 months. The Court resentenced defendant to the low end of that range which was also the statutory minimum of 25 years.

Most recently, in May, 2020, the Court reduced Dunbar's sentence for the third time to 270 months pursuant to the First Step Act.

Dunbar now moves to reduce his sentence to time served. In support of his motion, he submits that he suffers from type II diabetes, hypertension and a history of asthma, medical conditions that increase his risk of suffering complications from the COVID-19 coronavirus. Defendant's medical records do not reflect that he currently suffers from asthma but they do show that he is afflicted with type II diabetes and hypertension.

Dunbar further reports that, while incarcerated at Wyatt, he has been tested for COVID-19 on six separate occasions. The first test was negative, the next three were positive and the last two were negative. Counsel is not in possession of records that document the precise dates of those tests but Dunbar recalls testing positive on May 14, 2020, and twice more during the following two weeks. Despite testing positive three times, Dunbar advises that he did not exhibit any symptoms associated with COVID-19.

## II. Jurisdiction

Dunbar has appealed the most recent reduction of his sentence by this Court pursuant to the First Step Act and that appeal remains pending before the First Circuit Court of Appeals. This Court nevertheless retains jurisdiction to decide the pending motion because it entered an indicative ruling pursuant to Fed. R. App. P. 12.1(a) and the First Circuit has remanded the case for the "limited purpose" of consideration of defendant's motion for compassionate release.

## III. Exhaustion

Pursuant to 18 U.S.C. § 3582(c), the Court

> may not modify a term of imprisonment once it has been imposed except. . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights. . . if it finds that extraordinary and compelling reasons warrant such a reduction.

The Bureau of Prisons ("BOP") has not filed a motion on behalf of Dunbar and Dunbar has not submitted a formal request to Wyatt for compassionate release. This is due, in part, to the pandemic and, in part, to the inability of Dunbar to request relief from a BOP Warden because Wyatt is not a BOP facility. The government concedes, and the Court finds, that for those reasons, defendant is deemed to have satisfied the exhaustion requirement of § 3582(c).

### IV. Compassionate Release

The Court may reduce a defendant's the term of imprisonment pursuant to § 3582(c)(1)(A)(i) only if, after considering the factors set forth in § 3553(a), the Court finds that there are "extraordinary and compelling reasons" warranting such a reduction.

Having considered (1) the parties' written submissions, including Dunbar's medical records; (2) oral argument; (3) the national emergency declared by the President of the United States; (4) the relevant memoranda issued by Attorney General William Barr on March 26, 2020, and April 3, 2020; (5) the particular risk of infection and transmission in penitentiary facilities; (6) the current low rate of infection of the inmate population at Wyatt; (7) defendant's completion of 90% of his sentence; (8) defendant's medical condition, including type II diabetes, hypertension and a history of asthma; (9) the risks

associated with releasing defendant to ICE custody pursuant to his ICE detainer; and (10) the fact that defendant tested positive for the virus over a period of two plus weeks during which he experienced no COVID-19 related symptoms, the Court finds no "extraordinary and compelling" circumstances warranting a reduction in defendant's sentence. See § 3582(c)(1)(A)(i).

## ORDER

For the foregoing reasons, the motion of defendant Rex Vernal Geovany Dunbar for compassionate release (Docket Nos. 243 and 244) is **DENIED**.

**So ordered.**

_____
Nathaniel M. Gorton
United States District Judge

Dated July 10, 2020